UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRENIA EASTERLING, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　)　**Case No.:**<br>　　　　　　　　　　　　　)<br>ESCALLATE, LLC, 　　　　)　**COMPLAINT AND DEMAND FOR**<br>　　　　Defendant. 　　　)　**JURY TRIAL**<br>　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　)　**(Unlawful Debt Collection Practices)**<br>　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　) | |

## COMPLAINT

TYRENIA EASTERLING ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against ESCALLATE, LLC ("Defendant"):

## INTRODUCTION

1.　Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.　Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.　Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Groton, Connecticut 06340.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its headquarters located at 5200 Stoneham Road, Suite 200, North Canton, Ohio 44720.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and contacted Plaintiff in its attempts to collect a consumer debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Upon information and belief, at all relevant times, Defendant was seeking to collect an alleged consumer debt from Plaintiff dating back to 1999.

12. Beginning in September 2015 and continuing thereafter, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone in its attempt to collect an alleged debt.

13. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (844) 286-6507. The undersigned has confirmed that this number belongs to Defendant.

14. On several occasions, Plaintiff told Defendant that she refused to pay the debt

and to stop calling.

15. In response, Defendant ended the call by hanging up the telephone.

16. Despite advising Defendant to stop calling, Defendant continued to call Plaintiff's cellular telephone multiple times per week.

17. Once Plaintiff informed Defendant to stop calling, Defendant's continued calls to Plaintiff were intended to harass and annoy her, as it knew she wanted all calls to stop and that she refused to pay the debt

18. Defendant's collectors have also threatened to take legal action against Plaintiff, and report the debt to the credit reporting agencies.

19. However, neither legal action of any kind has been taken by Defendant against the Plaintiff, nor has there been any reporting by Defendant to the credit bureaus.

20. Upon information and belief, it is averred that Defendant never intended to pursue legal action or report the debt to the credit reporting agencies, but the threats were made in an attempt to coerce payment from Plaintiff.

21. In order to stop receiving calls from Defendant, Plaintiff was ultimately required to download an application on her cellular telephone to block Defendant's number.

22. Upon information and belief, Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payment from Plaintiff for a debt that was not hers.

**DEFENDANT VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

23. Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or

abuse any person in connection with the collection of a debt.

  b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

  c. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continued to call Plaintiff's cellular telephone after having been told to stop.

## COUNT II

24. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §1692e, 1692e(5), and 1692e(10).

  a. A debt collector violates section 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

  b. A debt collector violates 1692e(5) by threatening to take action that cannot be taken or is not intended to be taken.

  c. A debt collector violates section 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  d. Defendant violated sections 1692e, 1692e(5) and 1692e(10) of the FDCPA when it falsely threatened to take legal action against Plaintiff and to report the debt to the credit bureaus without the intent to take such

- 4 -

PLAINTIFF'S COMPLAINT

action.

## **COUNT III**

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt, including failing to update its records to restrict its communications to Plaintiffs after being told to stop calling.

## **COUNT IV**

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a).

    a. A debt collector violates §1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated §1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, TYRENIA EASTERLING, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TYRENIA EASTERLING, demands a jury trial in this case.

1

2               RESPECTFULLY SUBMITTED,

3

4               TYRENIA EASTERLING
                By her attorney,
5   DATED: 9-1-16

6
                */s/ Angela K. Troccoli, Esquire*
7               Angela K. Troccoli, Esquire, ct28597
                Kimmel & Silverman, P.C.
8               *The New England Office*
                136 Main Street, Suite 301
9               Danielson, CT 06239
                (860) 866-4380
10              atroccoli@creditlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 7 -

PLAINTIFF'S COMPLAINT